SARTAIN, Judge.
The controversy in this case involves the extent of liability of the garnishee, Bank of Commerce and Trust Company, to the judgment creditor, Willie E. Wild. The object of the garnishment was the bank account of the judgment debtor, Wilbert A. Horst.
Horst had paid the sum of $335.00 on a judgment against him in the amount of $798.60, leaving a balance due of $463.60, which is the amount claimed by the creditor against the garnishee.
The pertinent facts are not in dispute. The garnishment petition, citation and interrogatories, showing a claim for $463.60, were served on the garnishee on November 16, 1967. At that time, the bank records showed a balance in Horst’s account of $1,570.92, which included a credit for a deposit on November 15 of a check in the amount of $954.10 payable to Horst and drawn by Dunham Materials, Inc., in the Louisiana National Bank. This check is referred to hereinafter as the “Dunham check”.
After the service of the garnishment papers, the garnishee bank compensated against the account the sum of $244.79 representing the balance due on Horst’s delinquent promissory note held by the bank. The bank also paid two checks drawn by Horst and totaling $432.09. The bank thus deducted a total of $676.88 from the account after knowledge of the garnishment claim for $463.60. Except for the Dunham check, Horst’s balance in the account would have been $616.82, or $60.06 less than the amount deducted by the bank.
On November 22, the garnishee bank received notice from the drawee bank that Dunham Materials, Inc., had stopped payment on its check to Horst. The garnishee bank then sought to charge back the amount of that check against the account pursuant to a standard agreement or condition between the bank and its depositors that all items deposited are credited to an account subject to final payment in cash or solvent credit. By so doing, of course, the account would be depleted to the prejudice of the *181 rights of the judgment creditor under the garnishment seizure.
On appeal, the judgment creditor does not dispute the right of the bank to compensate against the account for the delinquent promissory note. The bank does not seriously contest its liability for the $432.09 in checks paid after service of the garnishment papers. The primary dispute concerns the right of the bank to charge back the amount of the Dunham check after the seizure by the judgment creditor had been made.
The trial judge held that the bank had allowed Horst to draw against the Dunham check deposit without restriction, relying on the validity and sufficiency of that item to satisfy the $244.79 compensation, the $432.09 in checks paid and the $463.60 garnishment claim. By so doing, the bank became the owner of the check and did not merely hold it for collection.
The judge gave the following written reasons for judgment on that issue:
“Therefore, notwithstanding that the garnishee bank reserved the right to charge back the deposit on which payment was stopped, this was effective only between garnishee and the defendant debtor, and could not prejudice the rights of plaintiff. This was discussed in the case of Investors Syndicate v. Deposit Guaranty Bank and Trust Company, 172 So. 39 (La.App.Orl.1937), in which the Court said, at page 47:
‘That the bank has the right to “charge back” the item does not mean that it has not purchased the item, but merely that, under the indorsement of the original owner, it (the bank) may look to that indorser to make good the loss that it has sustained because of the fact that the item has not been collected.’
“The Second Circuit Court of Appeal reached an identical conclusion in First National Bank v. Cross and Napper, 157 So. 636 (La.App.2d Cir. 1934) in finding that:
‘(W)hen defendant deposited the draft in question with the Bank of Simsboro and received credit for same, with no restrictions against checking against said draft, the Bank of Simsboro became the owner of the draft for value, notwithstanding it reserved the right to charge the amount back to defendant if the draft was returned unpaid. Negotiable Instruments Law, Act No. 64 of 1904, Secs. 25 and 26.’
“Since the bank became the owner of the deposited check, it credited defendant’s account for the amount of that item. When the check vas dishonored, seizure had already been effected, and although garnishee did have recourse against defendant for the amount of the deposited item, it could not do so to the prejudice of plaintiff’s rights under the seizure.
“By doing so, garnishee made itself liable to plaintiff. Since defendant’s rights in the account at the time of seizure, over and above the amount of the set off for the delinquent note, amounted to more than the amount of plaintiff’s claim, the bank is liable to the full extent of plaintiff’s claim, $463.60, together with 5% annual interest from November 7, 1964, until paid, and for all costs.”
We find that the statement of the law is correct and was correctly applied to the facts in this case. We therefore affirm the judgment of the trial court, at appellant’s costs.
Affirmed.